```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                              :
KENNETH GARNER,               :
                              :
          Plaintiff,          :   Civ. No. 16-2944 (NLH)
                              :
     v.                       :   OPINION
                              :
FEDERAL BUREAU OF PRISONS, et al., :
                              :
          Defendants.         :
_____:
```

APPEARANCES:
Kenneth Garner, #55474-054
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Plaintiff Pro se

HILLMAN, District Judge

On or about May 24, 2016, Plaintiff Kenneth Garner, a prisoner confined at Federal Correctional Institution ("FCI") Fairton in Fairton, New Jersey, filed this civil rights action asserting claims pursuant to the Federal Tort Claims Act ("FTCA"), and Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971). (ECF No. 1). This case was previously administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement. (ECF No. 3). On or about July 7, 2016, Plaintiff filed an in forma pauperis application (ECF No. 4) and the case was reopened for review by a judicial

officer.  On July 11, 2016, this Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 5).

At this time the Court must review the instant Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  For the reasons set forth below, Plaintiff's claims will be dismissed without prejudice.

## I.   BACKGROUND

In the Complaint, Plaintiff alleges that he suffered injuries when he slipped and fell while incarcerated at FCI Fairton.  Plaintiff contends that his injuries are a result of defendants' negligence.  He asserts causes of action under the FTCA and Bivens and names as defendants: (1) the United States; (2) Ruben Morales; (3) Satish Limbekar; (4) M. Orange; and (5) T. McClellan. (Compl. 8-9, ECF No. 1).  Plaintiff also lists the Federal Bureau of Prisons and D. Rodriguez as defendants in the caption of his Complaint (id. at 1); though they are not named as parties in the body of his submission.

II.   STANDARD OF REVIEW

A. Sua Sponte Dismissal

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The determination of whether the factual

3

allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F.

4

App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. DISCUSSION

A. Plaintiff's Bivens Claims

   1. Actions Under Bivens

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412, 108 S. Ct. 2460, 101 L.Ed.2d 370 (1988).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125

5

S. Ct. 868, 160 L.Ed.2d 769 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); see also Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).

2. Personal Involvement

"[A] party may establish liability for deprivation of a constitutional right only through a showing of personal involvement by each defendant." Farrar v. McNesby, No. 15-2019, 2016 WL 759571, at *2 (3d Cir. Feb. 25, 2016) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  "Personal involvement may be shown through personal direction, actual

6

participation in the alleged misconduct, or knowledge of and acquiescence in the alleged misconduct." Id.; see also Tenon v. Dreibelbis, 606 F. App'x 681, 688 (3d Cir. 2015).

3. Analysis

Plaintiff devotes the majority of his Complaint to describing his cause of action for negligence.  However, as set forth above, in order to state a cause of action under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Couden, 446 F.3d at 491.  Allegations that defendants acted negligently, without more, do not establish that there has been a constitutional violation. Nevertheless, in construing Plaintiff's Complaint liberally as this Court must, see Haines, 404 U.S. at 520-21, it appears that Plaintiff may be attempting to assert either a conditions or confinement claim, or a claim alleging inadequate medical care.

Prison conditions can run afoul of the Eighth Amendment's proscription on cruel and unusual punishment by either ignoring "evolving standards of decency" or involving "unnecessary and wanton infliction of pain." See Rhodes v. Chapman, 452 U.S. 337, 346, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981) (citations omitted).  To assert an Eighth Amendment claim resulting from an inmate's conditions of confinement, a prisoner must first show

7

that the alleged deprivation is "sufficiently serious" and that the prisoner has been deprived of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).  A prisoner must then show that prison officials recognized the deprivation and demonstrated "deliberate indifference" to the prisoner's health or safety. Id.  Only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. See Fantone v. Herbik, 528 F. App'x 123, 127 (3d Cir. 2013) (quoting Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992).

   Here, Plaintiff describes the "bad condition" of the "leaking roofs" and the absence of "safety procedures such as caution cones [and] caution tape." (Compl. 10, ECF No. 1).  As an initial matter, it is doubtful that these allegations describe conditions that constitute the type of extreme deprivation contemplated in Farmer. 511 U.S. at 834.  Regardless, even assuming, without finding, that Plaintiff has described an extreme deprivation, Plaintiff has failed to allege that prison officials recognized this deprivation and acted with deliberate indifference. See id.

   As set forth above, to establish liability under Bivens, a plaintiff must show personal involvement by each defendant. Farrar, 2016 WL 759571, at *2.  However, Plaintiff has failed to

8

mention the named defendants in the body of his Complaint. It is unclear from the Complaint whether these defendants knew of the conditions described by Plaintiff, and how they acted with deliberate indifference. Accordingly, any conditions of confinement claims must be dismissed.

To the extent Plaintiff meant to assert a cause of action for inadequate medical care, the same analysis applies. Specifically, to state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). With respect to his injury, Plaintiff describes it only as a "sharp pain [that shot] up and down his spine," and asserts that he suffers from 'long term and permanent injuries." (Compl. 9, 10, ECF No. 1). Plaintiff also states, in conclusory fashion, that he "has not been given adequate medical treatment by the medical staff[.]" (Id.).

Again, Plaintiff has failed to adequately plead a cause of action. Even assuming that Plaintiff's vague description of his injury sufficiently describes a serious medical need, Plaintiff does not provide any factual allegations that relate to any of the named defendants. The Complaint does not allege that any

9

defendant acted with deliberate indifference.  Thus, Plaintiff has not set forth a claim for inadequate medical care.

Because Plaintiff has failed to explain how each of the named defendants either participated in, or knew of, the alleged constitutional deprivations described in the Complaint, his claims under Bivens will be dismissed without prejudice.

   B. Plaintiff's FTCA claims

      1. Actions pursuant to the FTCA

The United States has sovereign immunity except where it consents to be sued. United States v. Bormes, 133 S. Ct. 12, 16, 184 L. Ed. 2d 317 (2012); United States v. Mitchell, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L.Ed.2d 580 (1983).  In the absence of such a waiver of immunity, Plaintiff cannot proceed in an action for damages against the United States. See FDIC v. Meyer, 510 U.S. 471, 484–87, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., constitutes a limited waiver of the sovereign immunity of the United States. 28 U.S.C. § 2679(b)(1); White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir. 2010).  The Federal Tort Claims Act gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any

> employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008) (quoting FDIC v. Meyer, 510 U.S. at 477); United States v. Muniz, 374 U.S. 150, 83 S. Ct. 1850, 10 L.Ed.2d 805 (1963).

A plaintiff may sue only the United States under the FTCA, and the plaintiff must first present the claims to a federal agency and receive a final decision before filing a lawsuit. 28 U.S.C. §§ 1346(b), 2675(a); McNeil v. United States, 508 U.S. 106, 111, 113 S. Ct. 1980, 124 L.Ed.2d 21 (1993); see also Coffey v. Fed. Bureau of Prisons, No. 15-231 RMB, 2015 WL 2185518, at *4 (D.N.J. May 11, 2015).

2. Statute of Limitations for FTCA Claims

Under the FTCA, a plaintiff must commence an action against the United States within six months of the notice of final denial by the agency to which it was presented. See 28 U.S.C. § 2401(b).

3. Analysis

In this case, the letter from the Northeast Regional Office which denies Plaintiff's administrative claim under the FTCA is

11

dated November 5, 2015. (Ex. 6, ECF No. 1-2).  Therefore, pursuant to statute, Plaintiff had six months from that date — or until May 5, 2016 — to file a claim for relief in the district court. See 28 U.S.C. § 2401(b).  However, Plaintiff did not commence this action until May 17, 2016.[1]  Because Plaintiff's Complaint was twelve days past the six-month deadline, it is time-barred by the statute of limitations period. See, e.g., Kielbasinski v. Veterans Admin., No. 3:15-195, 2016 WL 3676816, at *5 (W.D. Pa. July 7, 2016) (collecting cases).  Accordingly, Plaintiff's claims under the FTCA will be dismissed without prejudice.  Plaintiff will be afforded an opportunity to present an argument in favor of equitable tolling of the statute of limitations period.

   C. Defendant Bureau of Prisons

As noted earlier, Plaintiff names the Federal Bureau of Prisons as a defendant in the caption of his Complaint. (Compl. 1, ECF No. 1).  However, in a suit pursuant to the FTCA, the only proper defendant is the United States. See Murchison v.

---

[1] Although Plaintiff's Complaint was not received by the Court until May 24, 2016, it is dated May 17, 2016. (Compl. 11, ECF No. 11).  Under the prison mailbox rule, an inmate's pleadings are deemed filed at the moment he delivers the documents to prison officials to be mailed. See Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988) (explaining that the date of filing is the date on which an inmate deposits the petition in the prison mail system).  The Court will assume for purposes of this Opinion that Plaintiff handed his Complaint to prison officials for mailing on the same date it was signed.

Warden Lewisburg USP, 566 F. App'x 147, 150 (3d Cir. 2014) (citations omitted). Further, Plaintiff may not bring a Bivens claim against the Federal Bureau of Prisons. See Ruiz v. Fed. Bureau of Prisons, 481 F. App'x 738, 740 (3d Cir. 2012) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001)) (explaining that Bivens claims may be brought only against individual federal officers, not the United States or the Bureau of Prisons). Therefore, neither Plaintiff's Bivens claim, nor his claim under the FTCA can be asserted against the Federal Bureau of Prisons, and this defendant will be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Defendant Federal Bureau of Prisons will be dismissed with prejudice from this action. Because it is possible that Plaintiff may be able to amend or supplement his Complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given leave to file, within 45 days, an application to reopen accompanied by a proposed amended

complaint.[2]  See Denton, 504 U.S. at 34; Grayson, 293 F.3d at 108.

An appropriate Order follows.

                                                  ___s/ Noel L. Hillman____
                                                  NOEL L. HILLMAN
                                                  United States District Judge

Dated: August 12, 2016
At Camden, New Jersey

---

[2] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.