UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KENNETH GARNER,                     :
                                    :
         Plaintiff,                 :   Civ. No. 16-2944 (NLH)
                                    :
     v.                             :   MEMORANDUM OPINION
                                    :
FEDERAL BUREAU OF PRISONS,          :
et al.,                             :
                                    :
         Defendants.                :
_____ :

APPEARANCES:
Kenneth Garner, #55474-054
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Plaintiff Pro se

HILLMAN, District Judge

On or about May 24, 2016, Plaintiff Kenneth Garner, a prisoner confined at Federal Correctional Institution ("FCI") Fairton in Fairton, New Jersey, filed this civil rights action asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq. ("FTCA"), and Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (ECF No. 1.)

IT APPEARING THAT:

1. On August 12, 2016, this Court entered an Opinion and Order dismissing the Plaintiff's Complaint in its entirety. (August 12th Opinion and Order, ECF Nos. 6, 7.) Specifically,

the Court found that Plaintiff had failed to allege facts to state a conditions-of-confinement claim under the Eighth Amendment and failed to allege facts to state an Eighth Amendment claim for inadequate medical care. (Opinion 8-9.) The Court also found that Plaintiff's FTCA claim was time-barred because his Complaint was filed twelve days past the six-month deadline. See 28 U.S.C. § 2401(b) (under the FTCA, a plaintiff must commence an action against the United States within six months of the notice of final denial by the agency to which it was presented).

2. Recognizing that Plaintiff may be able to allege additional facts to state a Bivens claim or facts which entitle him to equitable tolling for his FTCA claim, the Court granted Plaintiff permission to file an amended complaint which addresses the deficiencies identified in its Opinion and Order. (Opinion 13-14.)

3. On August 26, 2016, Plaintiff filed a "Motion to File Out of Time Due to Excusable Neglect." (ECF No. 8.) In his Motion, Plaintiff requests leave to file his FTCA claim out of time due to excusable neglect and "for reasons beyond his control." (Id. at 1.) Specifically, Plaintiff argues that the prison was on "lock-down" due to an altercation with a group of inmates. (Id.) Even when the "lock-down" was lifted, the law library was closed due to staff shortage and training. (Id.)

Plaintiff alleges that these two circumstances prevented him from filing his FTCA Complaint within the statute of limitations period. (Id. at 2.)

4. As this Court stated in its previous Opinion, the FTCA gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)).

A plaintiff must first present the claims to a federal agency and receive a final decision before filing a lawsuit. 28 U.S.C. §§ 1346(b), 2675(a); McNeil v. United States, 508 U.S. 106, 111 (1993). A plaintiff must then commence an action within six months of the notice of final denial by the agency to which it was presented. See 28 U.S.C. § 2401(b).

5. The Third Circuit has stated the following with regard to equitable tolling in FTCA cases:

> Equitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances. This occurs (1) where the defendant has

actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. But a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim. The principles of equitable tolling thus do not extend to garden-variety claims of excusable neglect. The remedy of equitable tolling is extraordinary, and we extend it only sparingly.

Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009) (internal citations and quotation marks omitted).

6. Here, Plaintiff has failed to provide sufficient information for the Court to decide whether he is entitled to equitable tolling. While he alleges that the prison was on lockdown and the law library was thereafter unavailable, Plaintiff does not identify when, and for how long, these circumstances occurred. Without such information, the Court is unable to determine whether the extraordinary remedy of equitable tolling should be granted. Id. As a result, the Court will deny his motion without prejudice. Plaintiff will be granted leave to file an amended request for equitable tolling which provides the information discussed herein.

7. An appropriate order follows.

Dated: April 27, 2017       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.